## THE PEOPLE *v.* VIRUET.

### APPEAL from the District Court of Arecibo.

No. 25.—Decided October 16, 1903.

APPEAL—CRIMINAL ACTIONS—FELONY.—An appeal lies to the Supreme Court in a criminal action amounting to a felony when based on a question of law.

APPEAL—BILL OF EXCEPTIONS.—In an appeal in a criminal action it is necessary that the defendant reserve his exceptions to the ruling of the court during the trial and embody the same in a bill of exceptions, which must be settled and signed by the trial court or one of the judges, pursuant to the provisions of the Code of Criminal Procedure, and such bill of exceptions must form a part of the record on appeal.

BILL OF EXCEPTIONS—EVIDENCE—The parties may also cause the evidence taken in the lower court to be included in the bill of exceptions.

ID.—DEFINITION—A bill of exceptions is a written statement of objections made by a party to the case to the ruling of the court upon a point of law and properly certified by the judge or court making such ruling.

ID.—OBJECT—The object of a bill of exceptions is to put the ruling objected to on record for the information of the appellate court.

ID.—In the absence of a bill of exceptions, the appellate court is unable to determine whether the trial court committed any errors in the admission or rejection of evidence, or whether the verdict and sentence is supported by the evidence.

ID.—ERRORS APPEARING IN THE RECORD.—Errors appearing in the record need not be presented in the bill of exceptions, but may be presented to the court in the notice of appeal, and the court may on its own motion reverse or modify the judgment by reason of such errors.

COSTS—IMPRISONMENT IN DEFAULT OF PAYMENT.—A defendant cannot be imprisoned for failure to pay costs.

The facts are stated in the opinion.

*Mr. Nadal*, for appellant.

*Mr. del Toro, Fiscal*, for respondent.

MR. JUSTICE SULZBACHER delivered the following opinion of the court.

This is an appeal from the District Court of Arecibo in a criminal case for assault with intent to commit violence, prosecuted against Manuel Lorenzo Viruet. The accused was duly tried by the court without the intervention of a jury, and sentenced by a majority vote to one year of imprisonment at hard labor in the penitentiary, and to pay a fine of two hundred dollars, with costs, and in case of failure to pay said fine and costs, to suffer one day of imprisonment for

every dollar remaining unpaid. From this sentence the defendant, Viruet, took an appeal to this court, praying that the sentence of the District Court of Arecibo be reversed. The Code of Criminal Procedure provides that either party in a criminal action amounting to felony, may appeal to the Supreme Court, provided the appeal is based on a question of law alone. Such questions of law may arise from various causes, among these the admission of improper evidence, or rejection of proper evidence at the trial; but for the purposes of a review by the Supreme Court, exceptions must be taken during the trial and specified in a bill of exceptions duly signed by one of the judges, as provided by the Code of Criminal Procedure, and such bill of exceptions should form part of the record forwarded to this court; and one of the parties may also cause all the evidence taken in the District Court during the trial, to form part of the bill of exceptions. A bill of exceptions, according to commentators, is "a written statement of objections made to the ruling of a court upon a point of law, made by a party to the cause, and properly certified by the judge or court who made the ruling." The object of a bill of exceptions is to put the ruling objected to upon record for the information of the court having cognizance of the cause on appeal. In the present case there is no bill of exceptions, for which reason this court is unable to determine whether any improper evidence has been admitted or proper evidence rejected, nor can it decide as to whether or not the evidence taken justifies the sentence of the trial court, which sentence must be presumed to be just so long as the contrary is not proven. Errors appearing on the record are not required to be presented by means of a bill of exceptions, but may be presented to the court in the notice of appeal, or the court may, on its own motion, reverse or modify a judgment if any error appears on the record. In this case the appellant has not pointed out any error contained in the record; but the court finds that in the judgment the appellant is sentenced to one day of imprisonment for every

al Tribunal en el escrito de apelación, ó la Corte de oficio puede revocar ó modificar una sentencia si aparece algún error en los autos. En esta causa el apelante no ha señalado error alguno que conste en los autos, pero la Corte encuentra que en la sentencia se condena al apelante á un dia de prisión por cada dollar que dejare de satisfacer de la multa y costas que le fueron impuestos. El Tribunal de Distrito de Arecibo ha cometido un error condenando al acusado á sufrir un dia de prisión por cada dollar de las costas. Esta cuestión ha sido resuelta por este Tribunal en el sentido de que en defecto de pago de costas no puede imponerse prisión alguna. Por lo tanto opino que debe revocarse la sentencia de la Corte de Distrito de Arecibo en esta causa en lo que se refiere á la prisión por defecto del pago de costas, y que debe confirmarse con respecto á los demás pronunciamientos que dicha sentencia contiene.

*Resuelto de conformidad.*

dollar of the fine and costs which he fails to pay. In sentencing the accused to one day of imprisonment for every dollar of the costs, the District Court of Arecibo has committed an error. This question has been disposed of by the decision of this court to the effect that in default of payment of costs, no imprisonment could be imposed. I am therefore of opinion that so much of the sentence of the District Court of Arecibo, in this case, as refers to imprisonment for failure to pay costs should be reversed, and that the same must be affirmed with respect to the other resolutions contained therein.

Judgment was entered in accordance with the foregoing opinion.

Chief Justice Quiñones and Justices Hernández and MacLeary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.